CASE 24.—PROSECUTION AGAINST G. W. E. WOLFFORD FOR
UNLAWFULLY COLLECTING MONEY AS TAXES
UNDER PRETENSE AS AN OFFICIAL.—January 20,
1910.

## Commonwealth v. Wolfford

Appeal from Carter Circuit Court.

W. C. Halbert, Circuit Judge.

Demurrer sustained to indictment, Commonwealth
appeals.—Affirmed.

False Personation — Indictment — Sufficiency — False Impersona-
tion of Officer.—Ky. St. c. 36, Subd. 2, Sec. 1212 (Russell's
St. Sec. 3479), makes any person pretending to act under any
civil authority who shall without warrant of law collect any
sum under the pretense of a tax or shall under any such
pretense demand any property, etc., guilty of felony.   The
indictment charged that accused unlawfully, and pretending
to do so as a deputy sheriff and without warrant of law,
collected from another a sum, pretending that it was a tax
for a certain year when such person was not assessed.   Held,
that the indictment was bad for not alleging that accused
was not a deputy sheriff when he collected the money, a mere
false representation that the money collected was a tax not
constituting an offense under the statute.

JAMES BREATHITT, Attorney General, THEO. B. BLAKEY
and TOM B. McGREGOR, Assistant Attorney Generals and JOHN
W. WAUGH for commonwealth.

THEOBALD & THEOBALD for appellee.

Opinion of the Court by Judge Settle—Affirm-
ing.

The following indictment was returned against the
appellee, G. W. E. Wolfford, by the grand jury of
Carter county: ''We, the grand jury of Carter coun-

ty, in the name and by the authority of the commonwealth of Kentucky, accuse G. W. E. Wolfford of the crime of unlawfully collecting and obtaining money without due process of law, committed as follows: The said defendant on the 7th day of June, 1909, in the county and circuit aforesaid, did unlawfully, and pretending to do so under and by the authority as deputy for H. W. McGlone, sheriff of Carter county, Kentucky, and without the warrant of law, collect of Chas. Davis, a sum of money, to-wit: $1.00, pretending and representing that the same was a tax due the state of Kentucky and Carter county, for the year 1907, when the said Chas. Davis had not been assessed in the said county for state and county taxes for the said year. Against the peace and dignity of the commonwealth of Kentucky." Appellee entered a demurrer to the indictment, which was sustained by the circuit court, and the commonwealth, being dissatisfied with that ruling, has appealed.

We are advised by the brief of appellee's counsel that the judgment sustaining the demurrer was based on the ground that the indictment did not accuse appellee of a public offense. While it is not specifically charged in the indictment that appellee at the time of the commission of the alleged offense was deputy sheriff, neither is it alleged that he was not. It is, however, admitted by his counsel that he was a deputy sheriff, and admitted by the demurrer that he did in fact collect the dollar from Davis as a poll tax, and that Davis had not been assessed for such tax. The indictment was evidently found under section 1212, Ky. St. (Russell's St. sec. 3479), which provides: "If any person pretending to act under any civil or military authority of this state, or the United States shall, without due warrant of law, collect of any person in

this commonwealth any sum of money under the pretense of fine, tax, duty or contribution, or as being due by the judgment of any pretended court not theretofore authorized by law, or shall under such pretense, demand and receive from another any species of property, or the promissory note of such other for the payment of any such money or the delivery of such property, the person or persons so offending, the counsellors, aiders and abettors, shall be guilty, of felony, and shall be confined in the penitentiary not less than one year, nor more than ten years.'' The section, supra, is a part of subdivision 11, c. 36, Ky. St., the various other sections of which, together with those of subdivision 10, same chapter, define, and, provide punishment for, numerous felonies such as embezzlement, felonious misappropriation of money or other property, obtaining money or property by false pretenses, falsely personating another, and the like. Section 1212, however, was obviously intended to apply to a class other than the offenders included by the other sections of subdivisions 10, 11, c. 36 Ky. St., namely, persons, not officers, who may commit any of the wrongful acts denounced therein, by falsely representing themselves to be officers, or, to employ the language of the section, by ''pretending to act under any civil or military authority of this state or the United States,'' and consequently ''without due warrant of law.''

The gravamen of the offense denounced by this section is the wrongdoer's usurpation of official authority, or pretense of acting in an official capacity and with pretended civil or military authority, in illegally collecting money or obtaining property, as

condemned by the statute. Unlawfully, or without due warrant of law, collecting money or obtaining property is not a crime that may be punished under the common law or any statute of this state. But if one collect money or obtain property by pretended official authority when, in fact, he is not an officer and is without such official authority, he commits a felony, and upon proof of his guilt may be punished under the statute in question. If Davis, the person from whom appellee is charged to have collected the $1 under the pretense that he owed it as a tax, was not liable therefor, or it had not been assessed against him for the year 1907, the act of appellee in collecting it of him was illegal, although he was at the time a deputy sheriff.and as such authorized to collect taxes; but the illegality of the transaction did not constitute it a crime under the section, supra, nor would it have been so if appellant at the time of collecting the money had represented to Davis that he had authority as deputy sheriff to collect it and in that capacity required him to pay it, for appellee was then deputy sheriff and his claim to that office was not a false or pretended one. If, however, appellee collected of Davis the money under these circumstances, he was guilty of a misdemeanor, for which he might have been indicted and punished under section 4067, Ky. St., which provides: "No sheriff shall receive or receipt for any taxes until a copy of the assessor's books, as approved by the Board of Supervisors, has been delivered to him by the county clerk, or the list filed in the county clerk's office has been certified to him by the said clerk. For a violation of this section the sheriff shall be fined one hundred dollars for each offense." It will be observed that the indictment in setting out the particular acts consti-

tuting the alleged crime charged against appellee alleges, in substance, that he did unlawfully and by pretending to act under and by the authority as deputy for H. W. McGlone, sheriff of Carter county, Ky., without due warrant of law, collect of Davis $1, pretending that the same was a tax, etc. This language does not state an offense under the statutes, for it does not charge that appellee was not a deputy for McGlone, sheriff of Carter county, or that his claim of authority as such was a pretense. If he was at the time deputy sheriff, his act of collecting the money under a claim of authority as such officer, though done under the pretense that Davis owed it as a tax, did not constitute the offense denounced by section 1212, Ky. St. But, if he was not at the time deputy sheriff, the collection of the money under the pretense that he was deputy sheriff and acting as such was a violation of the section, supra. However, even in the latter event, the circuit court could not have done otherwise than hold the indictment bad on demurrer, as it fails to allege that appellee was not then a deputy sheriff, and we take it for granted could not truthfully have done so. As previously indicated, in order to commit an offense under the statute in question, the act must have been done by the accused without authority, civil or military, emanating from this state or the United States, but which authority he pretended to have, and by virtue of such pretense did some of the things denounced by the statute.

It is, however, insisted for the commonwealth that if appellee, as charged in the indictment, pretended or falsely represented to Davis that the money he collected of him was a tax for the year 1907, and Davis had not been assessed for the tax, such pretense or

false representation made him guilty under section 1212, although he was at the time a deputy sheriff. This contention we regard unsound, for the words of the section "or shall under any such pretense demand and receive from another any species of property," refer, as do the words "under the pretense of fine, tax, duty or contribution, or as being due by the judgment of any pretended court," to and must be coupled with the pretense previously mentioned therein of acting under civil or military authority of the state or United States.

In our opinion the section, supra, can only be violated by a person other than an officer; and whatever act denounced therein such person may wrongfully commit must be bottomed upon and result from the pretense of acting under the civil or military authority of this state or of the United States, when, in fact, he does not possess such authority. Whether for the acts attributed to him by the indictment appellee could be indicted under section 1208, Ky. Stat., for obtaining money under false pretenses, we need not decide.

Our duty goes no further than to determine whether he is charged in the indictment before us with the offense denounced by section 1212, Ky. Stat., and as it is our conclusion that he is not, and such was the conclusion of the circuit court, the judgment of that court is affirmed.