## Smith, et al. v. Commonwealth.

(Decided April 24, 1913).

### Appeal from Fayette Circuit Court.

1. Criminal Law—Trial—Credibility of Witnesses.—Upon conflicting testimony, it is the province of the jury to judge of the credibility of the witnesses.
2. Criminal Law—Trial—Evidence—Weight and Sufficiency.—In an action for false personation, evidence held to support verdict.
3. Criminal Law—Trial—Instruction—Confessions.—Where the Commonwealth relies on confessions of the accused out of court, the jury should be instructed not to convict unless such confessions are corroborated by other evidence.
4. False Personation—Impersonation of an Officer—Elements of Offense.—Falsely representing oneself to be an officer and thereby obtaining money or property constitutes the offense of false impersonation prohibited by section 1212 Ky. Stats. A belief as to the truth of the representations is not an element of the offense.

R. S. CRAWFORD for appellants.

JAMES GARNETT, Attorney General, D. O. MYATT, Assistant Attorney General, for Appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Jim Smith and Paris Graham were jointly indicted, tried, and convicted in the Fayette Circuit Court of the offense of obtaining money while pretending to act under civil authority and abetting such offense. From the judgment upon the verdict, the defendants appeal and seek a reversal because of error in the instructions and because of the failure of the court to give the whole law of the case.

The evidence for the Commonwealth shows that appellants approached George Toliver, an aged negro, on one of the streets of Lexington, and Jim Smith represented to Toliver that Graham was a police detective, said that he, Toliver, was under arrest, and would have to pay a fine or go to jail. Toliver replied that he would rather pay than go to jail, but that he had no money with him—that it

was at his home. Appellants thereupon escorted Toliver to his house, where he obtained two dollars and delivered it to Graham. The witnesses for the defense, in addition to denying any pretense to civil authority on the part of the appellants, tended to support the theory of a loan of money to them by the prosecuting witness, the loan resulting from the fact that the accused and the prosecuting witness had been together drinking, and their money and supply of whisky having become exhausted, Toliver proposed to and did lend them money with which to buy more whisky, going to his home to get the money.

It will thus be seen that there is a sharp and irreconcilable conflict between the testimony for the Commonwealth and that offered in defense of the accused. It was the province of the jury to judge of the credibility of the witnesses, and no ground of complaint is afforded appellants because the jury accepted as true the testimony of the witnesses for the Commonwealth. It is not only sufficient to support the verdict, but it is more reasonable than that offered by appellants.

The issue was plain and clear-cut. The instructions were correspondingly simple and no complaint is made of any, save number three, of which the following is a copy:

"The defendant, Paris Graham, cannot be convicted on the testimony, or confession or statements made by him to the officer, McCoy, alone, unless such statements, if made, are corroborated by other evidence, tending to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof; nor is such statements or confession to be accepted as testimony against the defendant, Jim Smith."

It will be observed that the court, in giving this instruction, adopted practically the language of the Code. In Green v. Commonwealth, 26 Rep., 1221, an instruction, in practically the same form as that given here, was approved; and in Polson v. Commonwealth, 32 Rep., 1398, the case was reversed and remanded for a new trial, with instructions to the trial court to give an instruction embodying section 240 of the Criminal Code. Again in Higgins v. Commonwealth, 142 Ky., 647, the court held; where the Commonwealth relies on confessions made by the prisoner out of court, the court should instruct the jury that they cannot convict upon confessions out of

court unless there is evidence showing that the crime was committed. Thus, again an instruction embodying practically the language of the code was approved.

The gravamen of the offense charged is the impersonation of an officer, with the view of extorting money or property, and obtaining the money by reason of such representations. As said by this court in Commonwealth v. Wolfford, 136 Ky., 239, "Unlawfully, or without due warrant of law, collecting money or obtaining property is not a crime that may be punished under the common law or any statute of this State. But if one collect money or obtain property by pretended official authority when, in fact, he is not an officer, and is without such official authority, he commits a felony, and upon proof of his guilt, may be punished under the statute in question." But, it is argued, that the prosecuting witness should not have been deceived by the acts and conduct of appellants, for any inquiry on his part would have satisfied him that Graham was not an officer. This argument finds a sufficient answer in the statement that the statute does not require that the one impersonating an officer should make such representations as would induce a reasonably prudent person to accept his statements as true, and part with his money or property under the belief that he was an officer, in order to establish his guilt. It is sufficient if the representations are made with the view of procuring money or property, and, as a result thereof, money or property is procured by the person so representing himself to be an officer. If the testimony of Toliver is true, the representations made to him by appellants had the effect of making him pay over the alleged fine rather than go to jail. He paid because he was afraid not to. Old, decrepit, uneducated, and ignorant of his rights, though conscious of having done no wrong, he yielded to the superior power of those claiming to be clothed with civil authority and paid the money demanded. For this wrong, appellants are amenable to the law and subject to the punishment prescribed by section 1212, Kentucky Statutes.

Judgment affirmed.